FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 12 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JARED K. BEDKE; BRUCE BYRON BEDKE; MARTHA JEAN BEDKE, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> KENNETH LEE SALAZAR, Secretary of the Interior; U.S. DEPARTMENT OF THE INTERIOR; BUREAU OF LAND MANAGEMENT; TOM DYER, in his official capacity as Idaho State BLM Director; BILL BAKER, in his official capacity as Twin Falls District BLM Manager; KEN MILLER, in his official capacity as Burley BLM Field Manager; MICHAEL COURTNEY, in his official capacity as Rangeland Management Specialist; LOREN GOOD, in his official capacity as Special Agent in charge Idaho BLM Law Enforcement Division; LISA SCHUTZBERGER, in her official capacity as District Law Enforcement Ranger; IDAHO STATE POLICE; IDAHO STATE BRAND DEPARTMENT; LARRY A. HAYHURST, in his official capacity as Idaho State Brand Inspector; BOYD RICHINS, in his official capacity | No. 12-35341 <br><br> D.C. No. 4:09-cv-00399-DOC <br><br> MEMORANDUM[*] |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

as Deputy Brand Inspector,

Defendants,

and

CASSIA COUNTY SHERIFF'S DEPARTMENT; RANDY KIDD, in his official capacity as Cassia County Sheriff; CARY BRISTOL, in his official capacity as Cassia County Undersheriff; ROBERT NAY, in his official capacity as Sergeant Cassia County Sheriff's Department; PEGGY MARIZZA, in her official capacity as Seargent Cassia County Sheriff's Department; JAMES R. SELLICK, in his official capacity as Cassia County Deputy Sheriff; PAUL CHRISTENSEN, in his official capacity as Cassia County Commissioner; CLAY HANDY, in his official capacity as Cassia County Commissioner; DENNIS CRANE, in his official capacity as Cassia County Commissioner; ALFRED E. BARRUS, in his official capacity as Cassia County Prosecuting Attorney,

Defendants - Appellants.

Appeal from the United States District Court
for the District of Idaho
David O. Carter, District Judge, Presiding

Before: McKEOWN and CLIFTON, Circuit Judges, and RAKOFF, Senior District Judge.[***]

Jared, Bruce, and Martha Bedke sued the commissioners, prosecuting attorney, and certain police officers of Cassia County, Idaho (collectively, the "Cassia County Defendants"). They allege a Fourth Amendment violation arising out of the Cassia County Defendants' participation in (or failure to prevent) the Bureau of Land Management's ("BLM") seizure and sale of the Bedkes' cattle, which were grazing on BLM land. The Cassia County Defendants moved for summary judgment on qualified immunity grounds and asserted that county prosecuting attorney Al Barrus had absolute immunity. The district court denied the motion to allow for further factual development, and the Cassia County Defendants appeal. We have jurisdiction because, even resolving all factual disputes in the Bedkes' favor, this appeal can be resolved on the ground that there was no violation of a "clearly established" right. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

The Bedkes argue that regulations requiring the Cassia County defendants to uphold the law render their actions non-discretionary. However, determining the proper course of action when confronted with a challenge to an impoundment conducted pursuant to federal regulations requires the type of "particularized judgment" eligible for qualified immunity. *See F.E. Trotter, Inc. v. Watkins*, 869 F.2d 1312, 1314 (9th Cir. 1989).

The impoundment and sale of the Bedkes' cattle took place pursuant to federal regulations, which provided the Bedkes with written notice (43 C.F.R. § 4150.2), the opportunity to provide contrary evidence (*id.*), and the right to an appeal (43 C.F.R. § 4.470). The impoundment of cattle pursuant to these regulations has never been held invalid.

Instead of availing themselves of the federal procedures, the Bedkes attempted to stop the impoundment by complaining to county officials and bringing a state court action. The state court noted "serious questions" about its jurisdiction and declined to enjoin the impoundment, writing that the Bedkes had "not clearly shown that seizure of [their] cattle would deny due process or that such seizure would be a criminal act." Additionally, prosecuting attorney Barrus

advised county officials that the BLM had authority to impound the cattle.[1]  Local police officers, paid for by the BLM, were present during the impoundment to prevent a confrontation.  The seizure and sale proceeded despite the Bedkes' protests.

The Bedkes assert that this conduct violates the Fourth Amendment's general "guarantees against unwarranted seizures."  This framing of the claim is too general and abstract.  *Anderson v. Creighton*, 483 U.S. 635, 639 (1987) (cautioning against "convert[ing] the rule of qualified immunity . . . into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights").  Even ignoring this deficiency, there was no violation of "clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow*, 457 U.S. at 818.  The Cassia County Defendants, who acted in good faith in a matter governed by valid federal regulations, are entitled to qualified immunity.  *See Hunter v. Bryant*, 502 U.S. 224, 228 (1991) (qualified immunity "protect[s] all but the plainly incompetent or those who knowingly violate the law").

---

[1] This advisory role does not entitle Barrus to absolute immunity.  *See Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (explaining that "absolute immunity does not apply when a prosecutor gives advice to police during a criminal investigation").  The Bedkes' claim against Barrus is nonetheless barred on qualified immunity grounds.

**REVERSED.**